Rafael HERNANDEZ–LOPEZ; Mirella Reyes–Arteaga; and Hever Hernandez–Reyes, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72902.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rafael Hernandez–Lopez, Santa Ana, CA, pro se.

Mirella Reyes–Arteaga, Santa Ana, CA, pro se.

Javier Hernandez–Reyes, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Rafael Hernandez–Lopez and Mirella Reyes–Arteaga, husband and wife, and their son Hever Hernandez–Reyes, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without opinion an immigration judge's ("IJ") decision denying their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand.

Petitioners now concede that they were ineligible for cancellation of removal, for lack of a qualifying relative. *See Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1140 (9th Cir.2002).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla,* we are not sure if petitioners can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question and whether, as a consequence, petitioners may apply for adjustment of status based on the I–130 petition of their United States citizen son, Adriel Hernandez–Reyes.

**PETITION FOR REVIEW DENIED in part, GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.